# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 311-11988 |
| JOHN HAYS, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) |
| RAYMOND STOKES PEEBLES, | ) ADV. NO. 312-90120 |
| AND TINA HARTERT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN HAYS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon the parties' dispositive motions. For the following reasons, the Court finds that the plaintiffs' motion for summary judgment should be granted and the debtor's motions to dismiss and for summary judgment should be denied.

The plaintiffs filed this adversary complaint to determine the dischargeability of their chancery court judgment pursuant to 11 U.S.C. § 523(a)(6). Section 523(a)(6) provides that

a debt is nondischargeable if it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." To prove willful and malicious injury under 11 U.S.C. § 523(a)(6), the plaintiffs must prove that the debtor intentionally committed the acts leading to the creditor's injury and that the debtor intended those acts to cause injury to the plaintiffs. ***Kawaauhau v. Geiger***, 523 U.S. 57, 61 (1998).

Under this standard, something more than a lack of justification or excuse for the debtor's actions is required to prove willful and malicious conduct. ***Markowitz v. Campbell (In re Markowitz),*** 190 F.3d 455, 465 n.10 (6th Cir. 1999) (citation omitted). To prove willfulness, a creditor must show by a preponderance of the evidence that the debtor intended his actions and that the debtor either intended his actions to cause injury to the creditor or the debtor believed that injury to the creditor was substantially certain to follow. ***Tomlin v. Crownover (In re Crownover),*** 417 B.R. 45, 57 (Bankr. E.D. Tenn. 2009) (citation omitted). If a creditor is able to prove willfulness under this standard, malice is necessarily implied unless the debtor had a just cause or excuse. ***Id.***

Both sides argue that the chancery court judgment supports a finding of collateral estoppel. The doctrine of collateral estoppel prevents a party from re-litigating issues that were actually litigated in a prior proceeding. ***In re Markowitz***, 190 F.3d 455, 461 (citations omitted). To determine whether collateral estoppel should be applied depends on whether

applicable state law would give collateral estoppel effect to the judgment. *See In re Crownover,* 417 B.R. 45, 50.

Under Tennessee law, collateral estoppel applies in a second suit between the same parties, even if the latter suit is based on a different cause of action, so long as the issues raised in the second suit were actually litigated and decided in the former suit and were necessary to the judgment in that suit. *Massengill v. Scott*, 738 S.W.2d 629, 632 (Tenn. 1987).

The plaintiffs rely on the following language in the chancery court judgment:

It appears, more likely than not, that Mr. Hays built the slope on his construction site higher than necessary as an intentional effort to get back at Plaintiffs. During the trial, he offered no construction-related basis for turning all four of the downspouts on the northern side of the house in question towards Plaintiffs' property or for erecting the slope to the extent that he did so that water literally "cascaded" onto Plaintiffs' property when it rained.

* * * *

Defendant Hays, through conduct that, at a minimum, deliberately disregarded the interests of Plaintiffs, created a nuisance on Plaintiffs' property by intentionally constructing a slope on his property that diverted drainage onto Plaintiffs' property.

Based on these findings, the chancery court awarded the plaintiffs $50,000, which represented the diminution in value of their property caused by the nuisance. The chancery court found that the debtor intentionally constructed the slope that caused the nuisance on

the plaintiffs' property and that "more likely than not" (which is the equivalent of "preponderance of the evidence") the debtor intended to harm the plaintiffs.

Accordingly, the Court finds that collateral estoppel should be applied and that the $50,000 judgment for nuisance is non-dischargable pursuant to 11 U.S.C. § 523(a)(6).

The chancery court also awarded $1000 in nominal damages for trespass and negligence, finding that the encroachment on the plaintiffs' property was inadvertent and holding that the debtor was negligent. These findings do not give rise, nor can they, to a finding of non-dischargeability pursuant to 11 U.S.C. § 523(a)(6) because the chancery court specifically found that there was no intent to injure.

The chancery court also awarded discretionary expenses in the amount of $1327.50 in a separate order. There is nothing in the record that reflects the basis for this award, and the Court cannot determine whether such costs are dischargeable or not. Accordingly, summary judgment as to the award of discretionary expenses should be denied.

For the reasons stated above, the Court finds, as a matter of law, that the judgment for nuisance in the amount of $50,000 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) and the judgment in the amount of $1000 for trespass and negligence is dischargeable. The

Court further finds that summary judgment as to the award of discretionary expenses in the amount of $1327.50 is not appropriate for summary judgment.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page**